Charles M. Walker
U.S. Bankruptcy Judge
Dated: 10/2/2018



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 18-bk-02532 |
| Marlon Cecil Bush, | ) Chapter 7 |
| | ) Honorable Charles M. Walker |
| Debtor. | ) |
| _____ | ) |

## MEMORANDUM OPINION

Chapter 7 bankruptcy trustees are charged with the duty of, among other things, maximizing the value of a bankruptcy estate.[1]  An essential part of that process is an investigation into the legality of the Debtor's claimed exemptions. An objection to a claimed exemption can work to "free-up" an asset for liquidation for the benefit of creditors. Here, the Debtor has claimed an enhanced exemption of $25,000 under Tennessee homestead exemption law based on his custody of a minor child.  The Trustee has challenged the Debtor's claim of custody as a basis for his objection to the claimed exemption. The Court conducted an evidentiary hearing, and the matter was fully briefed. For the reasons stated below, the Court finds that the Debtor has properly claimed his exemption, and the Trustee's objection is overruled.

## BACKGROUND

Marlon Cecil Bush (herein "Debtor") filed for relief under Chapter 7 of the Code on April 13, 2018.  On schedule C, the Debtor claimed a $25,000 exemption

---

[1] 11 U.S.C. § 704; 11 U.S.C. § 101 *ff*. Any reference to "section" or "the Code" is a reference to the Bankruptcy Code unless another reference is stated (i.e. Tenn. Code Ann.)

1

pursuant to Tennessee state law. Tenn. Code Ann. §26-2-301(f)[2]. The Debtor asserts custody of his granddaughter as a basis for the claimed exemption. The Trustee objects to the claim because the Debtor does not have custody of his granddaughter as the term custody is defined under Tennessee law. The Court conducted an evidentiary hearing, and the parties stipulated to the admission of evidence, including two state court orders.

The first order was entered on December 29, 2004. In that order, the Juvenile Court of Rutherford County, Tennessee awarded temporary custody of the granddaughter to Sue Jackson,[3] the grandmother of the child. The Debtor testified that the child's mother sought entry of this order as she was terminally ill and the child's father was incarcerated at the time.

The second order was entered on December 13, 2017 by the same court ("Second Order"), and appointed the Debtor and Sue Bush ("Sue") as guardians of the granddaughter. The Debtor testified that he and Sue sought this order after Sue's daughter passed away, and Sue herself was diagnosed with a terminal disease. They wanted to ensure the security of the granddaughter in the home and with the Debtor in light of Sue's health issues.

At the hearing, the Debtor testified that the granddaughter lived in his home with him and Sue for approximately thirteen years, and continues to reside with them. He stated that while the granddaughter resides with them, they are responsible for providing food, shelter, medical care, emotional support, transportation, and all the necessities that go along with raising a child. The granddaughter's father does not exercise visitation, has not been ordered to - nor does he - pay child support, and does not provide for the child in any way. The Trustee did not challenge the Debtor's assertions on cross-examination.

---

[2] All references to the Tennessee Code Annotated are current through the 2018 Legislative Session.
[3] Sue Jackson married the Debtor sometime after the order was entered, and changed her name to Sue Bush.

The Trustee argues that this is a matter of law, and that the statute is clear with no ambiguity as to the definition of the term "custody," and, therefore, statutory interpretation is not appropriate. Applying the definition of the term "custody" stated in the Tennessee Code, the Trustee concedes that someone has custody of the granddaughter, but contends it is not the Debtor. Alternatively, he urges this Court to certify the question of defining the term "custody" to the Tennessee Supreme Court if this ruling is to be based on a finding of ambiguity in the definition of the term in Tennessee statutes.

The Debtor argues that because the term "custody" is not defined in the applicable exemption statute, it is appropriate for this Court to look to other Tennessee statutes, and the legislative intent behind those statutes, to determine the meaning of the term "custody" in the exemption statute. The Debtor points to provisions in Tennessee domestic law that define custody, and asserts that the same definition is used interchangeably with the term "guardianship" throughout the Tennessee statutes. This, coupled with the legislative intent of protecting families and providing security for minor children, parents and guardians, means the Debtor meets the requirements of the enhancement by having custody of a minor child.

## STATUTORY PREDICATE

The meaning of the word "custody" as it is used in Tennessee's enhanced homestead exemption for an individual with custody of a minor child is a term undefined in that statute, and is the issue before this Court.

Homestead exemption statutes have been enacted with the purpose of protecting the value of homes of certain owners in certain circumstances. "Homestead" is the primary residence of a person, and exemption laws regarding residences protect residential values from such things as property taxes and forced

sales for the benefit of creditors, as well as securing housing for a surviving homeowner spouse.

Under the Code, a debtor may claim exemptions as authorized by state law. 11 U.S.C. 522(b)(2). The state of Tennessee does not authorize the use of the federal exemption scheme, but instead has enacted its own required homestead exemption statute that expands the protections provided under the Code:

> (f) Notwithstanding subsection (a) to the contrary, an individual who has one (1) or more minor children in the individual's custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) on real property that is owned by the individual and used by the individual as a principal place of residence.
>
> Tenn. Code Ann. § 26-2-301 (West)

The term "custody" is not defined in the exemption statute itself, therefore, the Court must turn to other provisions contained in the Tennessee Code for the definition of "custody." Title 37 of the Tennessee Code relates to juvenile courts and proceedings. This section provides a definition of the word "custody" with regard to minors:

> (b)(9)"Custody" means the control of actual physical care of the child and includes the right and responsibility to provide for the physical, mental, moral and emotional well-being of the child. "Custody," as herein defined, relates to those rights and responsibilities as exercised either by the parents or by a person or organization granted custody by a court of competent jurisdiction. "Custody" shall not be construed as the termination of parental rights set forth in § 37-1-147. "Custody" does not exist by virtue of mere physical possession of the child[.]
>
> Tenn. Code Ann. § 37-1-102 (West)

The Debtor, pursuant to the Second Order, has been appointed guardian of his granddaughter. Title 34 of the Tennessee Code contains those statutes relating

4

generally to guardianships and conservatorships[4]. The definition of the term guardian applicable therein is as follows:

> (9) "Guardian" or "coguardian" means a person or persons appointed by the court to provide partial or full supervision, protection and assistance of the person or property, or both, of a minor[.]
>
> Tenn. Code Ann. § 34-1-101 (West)

Title 36 of the Tennessee Code contains the domestic relations statutes. The purpose of these provisions is to provide the "procedures for the adoption of children" and generally to ensure the best interests of the child are secured. Tenn. Code Ann. § 36-1-101. Although this title does not explicitly provide a definition for the word "custody," it does define what it means to be a guardian. In relevant part, it states:

> (24)(A) "Guardian" . . . means a person . . . other than the parent of a child, appointed by a court or defined by law specifically as "guardian" . . . to provide supervision, protection for and care for the person or property, or both, of a child or adult.
>
> Tenn. Code Ann. § 36-1-102 (West)
>
> (25)(A) "Guardianship" or "co-guardianship" means, for purposes of subdivision (24), a person or entity having the status of being a guardian or co-guardian who or which is responsible for the provision of supervision, protection, and assistance to the person of a child under this part or under other law of this or any other jurisdiction.
>
> Tenn. Code Ann. § 36-1-102 (West)
>
> (25)(C)(ii) Complete guardianship . . . pursuant to the entry of an order of guardianship as provided in this part, shall entitle the

---

[4] "Guardian" means, for purposes of adoptions and terminations of parental rights, the meanings set forth in § 36-1-102 and, for all other purposes, the meaning set forth in § 34-1-101[.] Tenn. Code Ann. § 37-5-103.

person or entity to the right to care for the child as provided under § 37-1-140 or as otherwise provided by the court order . . .[.]

Tenn. Code Ann. § 36-1-102 (West)

This last provision refers to a section titled "Legal Custodian – Duties", defining the rights of a guardian by referencing the duties of a legal custodian:

> (a) A custodian to whom legal custody has been given by the court under this part has the right to the physical custody of the child, the right to determine the nature of the care and treatment of the child, including ordinary medical care and the right and duty to provide for the care, protection, training and education, and the physical, mental and moral welfare of the child, subject to the conditions and limitations of the order and to the remaining rights and duties of the child's parents or guardian.

Tenn. Code Ann. § 37-1-140 (West)

## DISCUSSION

The Trustee is correct in his argument that if this Court finds ambiguity in the Tennessee statute as to the definition of the term "custody," it must turn to legislative history to resolve the conflict, or certify the question to the Supreme Court of the State of Tennessee. Thankfully, no ambiguity exists here.

Ambiguity exists where two or more enacted provisions or statutes are inconsistent. The context of the statutory language at issue, along with the context of the entire statute form the inquiry when determining if statutory ambiguity exists. *U.S. v. Chafin*, 808 F.3d 1263, 1271 (11th Cir. 2015), citing *U.S. Steel Mining Co. v. Director, OWCP*, 719 F.3d 1275, 1281 (11th Cir. 2013) (quoting *Robinson v. Shell Oil, Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 846, 136 L.Ed. 2d 808 (1997)).

Just because parties support different interpretations of statutory language does not mean the language is ambiguous. *In re American Home Mortg. Holdings,*

6

Case 3:18-bk-02532    Doc 45    Filed 10/02/18    Entered 10/02/18 14:05:07    Desc Main
Document    Page 6 of 11

*Inc.*, 637 F.3d 246, 256 (3rd Cir. 2011). In this instance, the court chooses, determining which asserted interpretation is persuasive. *Id.*

Here, the Trustee urges this Court to read the applicable exemption statute in the limited view of the undefined term "custody" in the statute, and the phrase in the Second Order: "This Order does not effect custody of the minor child(ren), only possession of the child(ren)."

The Debtor advocates for an interpretation of the undefined term "custody" in context with other Tennessee statutes that define the term, to adopt those definitions and legislative intentions, measure those conclusions against the objectives of the Code, and rule as a Court of equity. The Debtor's approach will win the day.

<u>Tennessee State Law</u>

The Debtor compels this Court to view the term "custody" by looking to Tennessee statutes *in pari materia* relating to the common subject matter of custody of minor children. These statutes, construed together, share a common purpose: to ensure the safety and security of minor children. *In re Lawrence*, 219 B.R. 786, 794 (E.D. Tenn. 1998)(". . . statutes *in pari materia* relating to a common subject matter . . . should be construed together and harmonized.")

The Tennessee provisions regarding custody lie in several different sections of the Tennessee Code. *Supra* at 4-5. Those sections define the term "custody" (§ 37-1-102(b)(9)), "guardian" (§34-1-101 and § 36-1-102(24)(A)), and "guardianship" (§ 36-1-102(25)(A)), as well as setting forth the rights and responsibilities of guardians. (§ 36-1-102(25)(C)(ii)). "It is well established that 'words and phrases used in an act should be read in context with the entire act and assigned such meanings as to harmonize with the act as a whole.'" *Perlin v. Time, Inc.*, 237 F.Supp. 3d 623, 632 (E.D. Mich. 2017) (quoting *People v. Couzens*, 480 Mich. 240, 249, 747 N.W.2d 849 (2008); see also *Dean v. Byerly*, 354 F.3d 540,

7

547 (6th Cir. 2004) ("When construing a statute, we must look at the whole law and effectuate the legislature's intent."). "[R]easonable statutory interpretation must account for both the specific context in which ... language is used and the broader context of the statute as a whole." *Utility Air Regulatory Group v. E.P.A.*, 134 S.Ct. 2427, 189 L.Ed.2d 372 (2014), (internal citations omitted). "A statutory 'provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme ... because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.' " *Consumer Fin. Prot. Bureau v. The Mortg. Law Grp., LLP*, 157 F. Supp. 3d 813, 824 (W.D. Wis. 2016), quoting *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd*., 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). Here, we look at all of those provisions previously identified as addressing a common subject: the custody of minor children and the protection of their best interests.

First up is §37-1-102 is (b)(9), which states: "'Custody' means the control of actual physical care of the child and includes the right and responsibility to provide for the physical, mental, moral and emotional well-being of the child." Tenn. Code Ann. §37-1-102(b)(9). This is the definition of the term "custody." Proceeding to the next sentence of that section, there is a description of the circumstances in which "custody" is legally recognized. "'Custody,' as herein defined, relates to those rights and responsibilities as exercised either by the parents or by a person or organization granted custody by a court of competent jurisdiction." *Id*. Therefore, the rights and responsibilities described in the first sentence apply to parents or non-parents authorized by court order.

Next, is provision (9) of §34-1-101 which defines the term "guardian." The Debtor, pursuant to entry of the Second Order, became a person appointed by a court to provide supervision, protection, and care for the granddaughter, and is, therefore, a guardian under Tennessee state law. Tenn. Code Ann.§34-1-101(9).

8

The Debtor's status as a guardian having been established, we look to provisions relating to that status. "Complete guardianship" in section (25)(C)(ii) describes the Debtor's right to care for the granddaughter as a Legal Custodian upon entry of the Second Order. Tenn. Code Ann. § 36-1-102(25)(C)(ii). The articulated rights of the Debtor as a legal custodian are referred to in this section, and include the physical custody of the granddaughter, as well as the right to make determinations necessary for her care and well-being. The Debtor's unchallenged testimony authenticates his "complete guardianship" of the granddaughter, and thereby his rights as a legal custodian.

The analysis of Tennessee law regarding the definition of the term "custody" reveals no ambiguity within the provisions relating to the custody of minor children and the protection of their interests. The Debtor has been appointed by a court of proper jurisdiction to perform all of the duties and responsibilities, and exercise all of the rights of one with custody of the granddaughter under Tennessee law.

Bankruptcy Code and Policy

The public policy behind the Code is to afford the poor but unfortunate debtor with a fresh start. Homestead exemption statutes preserve the value of residences in certain circumstances. The circumstances vary by state, but the underlying policy is to afford support to those facing challenges that may affect the security of their homes, with specific emphasis in some states on minor children and the elderly. *See* Tenn. Code Ann. § 26-2-301

It is well settled in Tennessee that homestead exemption laws are to be liberally construed in favor of the claimant. *White v. Fulghum*, 87 Tenn. 281, 10 S.W. 501, 502-03 (Tenn. 1889); *Legg v. St. John* (*In re Legg*), 76 F.2d 841, 843 (6th Cir. 1935). That being said, Congress has set forth the extent to which state exemption statutes are applied in §522(b). *In re Lawrence*, 219 B.R. 786, 791

9

Case 3:18-bk-02532  Doc 45  Filed 10/02/18  Entered 10/02/18 14:05:07  Desc Main
Document      Page 9 of 11

(E.D. Tenn. 1998) (citing *In re Butcher*, 189 B.R. 357, 371-72 (Bankr.D.Md. 1995), affd, 125 F.3d 238 (4th Cir. 1997). "The laws of the state of Tennessee must be applied in a manner consistent with the goals and policies of the federal BANKRUPTCY CODE. When a conflict occurs between Tennessee law and the federal bankruptcy statutes, bankruptcy policy prevails." *Id*. citing *In re McCafferty*, 96 F.3d 192, 196 (6th Cir. 1996); *In re Omegas Group, Inc.,* 16 F.3d 1443, 1450-51 (6th Cir. 1994).

No conflict exists here between Debtor's claimed enhancement under the Tennessee homestead exemption statute, and the policy behind §522. Furthermore, the claimed exemption in no way offends Tennessee public policy to afford relief and support to homeowners in certain circumstances, as in this case, providing all necessities for the care, protection, and security of the minor granddaughter.

## CONCLUSION

In pursuing the Second Order, the Debtor and Sue sought to secure the granddaughter's residence in the home with the Debtor and Sue. By seeking guardianship, the Debtor obtained complete guardianship, and all the rights and responsibilities that go along with it. The statute clearly states what is included in the rights of custody, and the record indicates that the Debtor exercises the full gamut of those rights. Those rights are directly in line with the intentions of the Debtor, and all of the statutory provisions in play here: the security of the minor child.

Furthermore, the asserted position of the Trustee would result in a ludicrous result. The Trustee's argument included the assertion that someone has custody of the granddaughter, it is just not the Debtor. Analyzing the potential parties who could claim the enhanced exemption under this position, it appears that the absentee father of the granddaughter is the only proper claimant. If the Debtor and Sue do not have custody because the Second Order does not "effect custody," the

state has not been awarded custody, and the mother is dead, that leaves the father as the only party left, under the definition of the term "custody," who could potentially claim custody and the homestead exemption enhancement. Undoubtedly this was not the intent of the legislature. The statute serves to afford relief and security to those who have legal status *and* provide for a minor child. The father provides nothing for the child – no financial, medical, emotional, psychological, or physical support. To award the enhancement to the father by biological default renders the purpose of the statute meaningless. To apply the statute as the Trustee urges would not serve the legislative intent behind Tennessee law or the Code, and would result in a reward of relief offensive to the purpose of the statute and to this Court – a ridiculous outcome and not one that this Court of equity is willing to support.

Therefore, to clarify the Court's position: this Debtor, a non-parent exercising control of actual physical care of his granddaughter pursuant to the Second Order, and his actual exercise of the rights and responsibilities associated with guardianship and custody as defined under Tennessee law, in the absence of any other party exercising those rights, is found to have established his custody of the granddaughter for the limited purpose of the enhanced homestead exemption as applicable under the Code.

## RULING

The Debtor has established his eligibility for an enhanced homestead exemption of $25,000 under Tennessee homestead exemption law. Tenn. Code Ann. § 26-2-301. Therefore, the Trustee's objection to the Debtor's claimed exemption is OVERRULED. A separate order will issue.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

11

Case 3:18-bk-02532    Doc 45    Filed 10/02/18    Entered 10/02/18 14:05:07    Desc Main
Document      Page 11 of 11